JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
As part of a plea bargain, defendant-appellant, Harold Humphrey, pleaded guilty to and was convicted of two counts of breaking and entering pursuant to R.C. 2911.13(A). Both offenses were fifth-degree felonies. R.C. 2911.13(C). The trial court sentenced him to one year of incarceration on each count, to be served consecutively.
In his sole assignment of error, Humphrey contends that the trial court's sentence was contrary to law. First, he argues that the trial court should not have sentenced him to serve a prison term for each of the offenses. The trial court found that Humphrey had previously served a prison term and that he was under community control when he committed the offenses, as required by R.C. 2929.13(B)(1). The trial court also found that Humphrey was not amenable to community control and that a prison term was consistent with the purposes and principles of sentencing, as required by R.C. 2929.13(B)(2). The evidence supported these findings and they were not contrary to law. Therefore, the trial court did not err in sentencing Humphrey to prison terms for the two fifth-degree felonies. See State v. Abbington (Aug. 8, 2000), Franklin App. No. 99AP-1337, unreported; State v. Parker (July 5, 2000), Ashland App. No. 99COA01340, unreported.
Humphrey next argues that the trial court erred in imposing the maximum sentence for each offense. The trial court found that Humphrey had committed the worst form of the offense and that he posed the greatest likelihood of recidivism. The court based these findings on Humphrey's numerous prior convictions, his two previous prison terms, his community-control status when the offenses occurred, and the significant financial loss suffered by the victim as the result of the offenses. Consequently, the trial court made the findings required by R.C. 2929.14(C) to support the imposition of the maximum sentence for each of the offenses. SeeState v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131;State v. Parsons (Nov. 26, 1999), Hamilton App. No. C-980900, unreported; State v. Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported.
Finally, Humphrey argues that the trial court erred in imposing consecutive sentences. The trial court found, as required by R.C.2929.14(E)(4), that consecutive sentences were necessary in this case to protect the public from future crime and to punish Humphrey, and that consecutive sentences were not disproportionate to the seriousness of Humphrey's conduct and the danger he imposed to the public. Further, the court found that Humphrey was under a type of court control when he committed the offenses, as required by R.C. 2929.14(E)(4)(a). These findings were based on Humphrey's lengthy criminal history and the financial loss suffered by the victim. Consequently, the court made the appropriate findings to support the imposition of consecutive sentences. See State v.Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported.
Under the circumstances, we cannot say that the trial court's sentences were not supported by clear and convincing evidence or that they were contrary to law, and, therefore, we will not disturb the trial court's sentences. R.C. 2953.03(G)(1)(a); Statev. Davenport (July 30, 1999), Hamilton App. No. C-980516, unreported; Napier, supra. Accordingly, we overrule Humphrey's assignment of error and we affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., WINKLER and SHANNON, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.